# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6445 | **DATE** | 8-16-12 |
| **CASE TITLE** | Derrick Morgan (#A-10514) vs. Dr. Imhotep Carter, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $64.66 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk is directed to issue summonses for Defendants Carter, Hardy, and Wexford Health Sources, Inc., and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■[ For further details see text below.]  *Charles R. Norgle*   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Derrick Morgan, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to a serious medical condition. More specifically, Plaintiff claims that he fell in a hole on May 10, 2011, injuring his back. He further alleges that although he complained to medical personnel and filed grievances, he has been unable to obtain adequate medical care for his injury. Plaintiff alleges that due to Defendants' deliberate indifference, he has endured pain and suffering and believes that his condition has worsened due to the delay. Defendant also sues Wexford Health Sources, Inc., the contract medical provider for the Illinois Department of Corrections, alleging a custom and policy of providing inadequate treatment to inmates at Stateville.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $64.66. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to all Defendants for deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). While a more fully developed record may belie the Plaintiff's allegations, Defendants must respond to the complaint.

While Plaintiff has stated a claim against Defendants, he has only pled sufficient to state an official capacity for a custom and policy of denying him adequate medical care. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012). If he wishes to pursue claims against individual Defendants, he must amend to allege their personal involvement in the deprivation of his right to

# STATEMENT

adequate health care. Plaintiff seemingly makes his claims against Defendants Carter and Hardy in their supervisory capacities. Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* He merely alleges that he complained about his injury and inability to obtain adequate care to unnamed medical personnel and an Officer Thingpen, and filed grievances. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Plaintiff has however, stated a claim against Carter and Hardy in their official capacities in that he alleges a custom and policy of providing inadequate health care for the inmates at Stateville. With respect to Wexford, in analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Therefore an inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners"). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid*. Plaintiff has sufficiently pled a custom and policy of deliberate indifference against all named Wexford and the other Defendants.

The Court notes that Plaintiff has named numerous John Doe Defendants. Once Plaintiff has obtained service on Defendants, and an attorney has entered an appearance on their behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendant or Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The Clerk shall issue summonses for service of the complaint on Defendants Carter, Hardy, and Wexford Health Sources, Inc. (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If a Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing

## STATEMENT

to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.