

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6445 | **DATE** | 11-19-12 |
| **CASE TITLE** | Derrick Morgan (#A-10514) vs. Dr. Imhotep Carter, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants Wexford Health Sources, Inc. and Imhotep Carter have filed a motion to dismiss [#15] alleging failure to exhaust administrative remedies prior to filing suit and failure to state a claim for deliberate indifference to a serious medical condition. For the reasons stated below, the motion is granted in part and denied in part. Defendants are ordered to answer Plaintiff's complaint within 30 days of the date of this order.

■ [For further details see text below.]             Docketing to mail notices.

## STATEMENT

    Plaintiff, Derrick Morgan, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to deliberate indifference to a serious medical condition at Stateville Correctional Center, relating to an injury to his back, starting in May of 2011. *See* Plaintiff's complaint, generally.

    Defendants Wexford Health Services and Imhotep Carter have filed a motion to dismiss Plaintiff's complaint, arguing that he has not pled or shown or alleged exhaustion of administrative remedies, and that he has failed to state a claim against them, substantively, for deliberate indifference. Defendants also argue that Plaintiff's claim for punitive damages should be dismissed. For the reasons contained in this order, Defendants' motion to dismiss Plaintiff's complaint is granted in part and denied in part.

    It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)).

    With respect to exhaustion, Plaintiff alleges in his complaint that he did in fact exhaust, and he attaches to his complaint a grievance, complete with a counselor's response (see Plaintiff's complaint, Exhibit A) and the response to his appeal from the Administrative Review Board in Springfield (See Plaintiff's Complaint, Exhibit B), which represents the final step in completing the grievance process. The internal administrative grievance system of the Illinois Department of Corrections is set out in the Illinois Administrative Code (20 Ill. Admin. Code § 504.810, *et seq*). Inmates must follow these procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, he may file a written grievance within 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may **(CONTINUED)**

| | AWL |
|---|---|

| STATEMENT |
|---|

appeal to the Director of the IDOC. The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The Administrative Review Board forwards its decision and any recommendations to the Director or other designee, who makes a final determination. The Director issues a final determination. *Id.* § 504.850(f). At this point, the administrative grievance process is complete, as there are no further appeals.

  Plaintiff both pleads that he exhausted and provides evidence of exhaustion by attaching the grievance and, counselor's response, and letter from the A.R.B. to his complaint. Accordingly, the Court finds that Plaintiff has adequately pled exhaustion. The Court finds Defendants' motion troublesome in that it appears to ignore well settled law regarding the exhaustion requirement. For instance, Defendants make the argument that Plaintiff failed to specifically name Defendants in his grievance. However, Plaintiff's failure to expressly name Defendants in his grievance is not fatal to his claims under the circumstances of this case. "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A major purpose of the exhaustion requirement is to give prison administrators prompt notice of problems, so that they may be corrected internally in the first instance and an administrative record developed prior to suit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001).

  A prisoner need not specify by name each person against whom he addresses his grievance. *Turley v. Catchings*, No. 03 C 8491, 2004 WL 2092008, at *3 (N.D. Ill. Sep. 15, 2004) (Norgle, J.). The PLRA statute "does not require a prisoner to name each prospective defendant in his grievance, even if the prospective defendant was known to the prisoner when the grievance was written. A prisoner can 'object intelligibly to some asserted shortcoming' without naming or blaming anyone; he might, for example, simply complain to the warden that he hasn't been fed for two days." *Murray v. Artz*, No. 02 C 8407, 2002 WL 31906464, at *4 (N.D. Ill. Dec. 31, 2002) (Kennelly, J.)

  The Court recognizes that the Illinois Administrative Code does require inmates to provide "the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(b). Furthermore, both *Jones v. Bock*, 549 U.S. 199, 218 (2007) and *Barnes v. Briley*, 420 F.3d 673, 679 (7th Cir. 2005) addressed situations where prison rules did not require inmates to name each prospective defendant in his grievance, which is currently not the case in the Illinois prison system. Generally, in order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). But in this case, where Plaintiff is claiming a broad denial of treatment by the health care unit as a whole, he will not be found at fault for failing to name each, individual health care provider. As Stateville's medical director, Defendant Carter was presumably in a position to address--if not the very person responsible for responding to--Plaintiff's grievances concerning alleged deficiencies in the provision of his medical care. And Wexford, as the provider for Stateville, would presumably be the author of a policy such as the one alleged by Plaintiff of intentionally delaying and denying treatment to inmates. *See* Plaintiff's complaint, p. 6.

  Further, Defendants argue that Plaintiff has not adequately "shown or alleged" exhaustion. The Supreme Court specifically has held, however, that "the failure to exhaust is an affirmative defense under PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 215; *see also Thomas v. Kalu*, 218 Fed. Appx. 509, 512 (7th Cir. 2007) (citing *Jones* and explaining that "[p]risoners need not allege that they have exhausted administrative remedies; rather, failure to exhaust is an affirmative defense"). As an affirmative defense, it is Defendants' burden to prove failure to exhaust, not **(CONTINUED)**

| STATEMENT |
|---|

Plaintiff's, and as Plaintiff has both pled exhaustion, and provided evidence of it, he has certainly satisfied his burden sufficient to withstand a motion brought pursuant to Fed. R. Civ. P 12(b)(6).

Moving to Defendants' substantive arguments, the Court notes that it already decided on initial review that Plaintiff stated an official capacity claim only against Defendants Carter and Wexford. *See* the Court's order of August 16, 2012. In their motion, Defendants argue with respect to Dr. Carter, that Plaintiff pleads that he received care, and can not therefore pursue a claim for deliberate indifference. However, Plaintiff pleads throughout his complaint delay of treatment and failure to provide adequate treatment. The fact that a prisoner has received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.). Giving Plaintiff the benefit of the doubt, as the Court must on a motion to dismiss, he has clearly pled delay and inadequate treatment as a policy against Dr. Carter, and may pursue his official capacity claim against him

Defendants' final argument is that Plaintiff has merely pled conclusions against Wexford, insufficient to state a custom and policy of deliberate indifference. In analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Therefore an inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners"). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid*. Plaintiff has sufficiently pled a custom and policy of deliberate indifference against Wexford, in that he claims that the corporation has a policy of delay and denial of adequate care to inmates.

Finally, Defendants argue that Plaintiff is not entitled to punitive damages. Punitive damages against Defendants in their official capacities are not recoverable. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981). So in this one regard, Defendants' motion is granted. Should Plaintiff amend his complaint to adequately state a claim against Defendants in their individual capacities, he would be able to pursue punitive damages against them

The Court denies Defendants motion to dismiss in large part. The motion is only granted as to Plaintiff's claim for punitive damages. Defendants Wexford and Carter are ordered to answer Plaintiff's complaint within thirty days of the date of this order.

